UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARQUISE M. JORDAN,

Petitioner,

Case No. 20-cv-935-pp

v.

UNITED STATES OF AMERICA,

Respondent.

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE UNDER 28 U.S.C. §2255, DECLINING TO ISSUE CERTIFICATE
OF APPEALABILITY AND DISMISSING CASE WITH PREJUDICE**

On June 22, 2020, the petitioner filed a motion to vacate, set aside or

correct his sentence under 28 U.S.C. §2255, challenging his conviction in

United States v. Marquise Jordan, Case No. 17-cr-86-pp (E.D. Wis.). Dkt. No.

1. The petitioner asserts that his sentence violates the United States Supreme

Court's decision in United States v. Davis, __ U.S. __, 139 S. Ct. 2319 (2019).

Id. at 2. The petitioner plainly is not entitled to relief, so the court will deny the

§2255 motion and dismiss the case.

**I.    Background**

      A.    <u>Underlying Case</u>

           1.    *Indictment*

On March 6, 2018, the grand jury returned an indictment against the

petitioner. United States v. Marquise Jordan, Case No. 17-cr-86-pp (E.D. Wis.),

Dkt. No. 33. Count One charged the petitioner with carjacking in violation of 18

1

U.S.C. §§2119(1) and (2). <u>Id.</u> at 1. Count Two charged him with knowingly using, carrying and brandishing a firearm during and in relation to the crime of violence charged in Count One, in violation of 18 U.S.C. §§924(c)(1)(A)(ii) and 2. <u>Id.</u> at 2. Count Three charged the petitioner with carjacking in violation of 18 U.S.C. §§2119(1) and (2). <u>Id.</u> at 3. Count Four charged him with knowingly using, carrying and brandishing a firearm during and in relation to the crime of violence charged in Count Three, in violation of 18 U.S.C. §§924(c)(1)(A)(ii) and 2. <u>Id.</u> at 4. Count Five charged the petitioner with carjacking in violation of 18 U.S.C. §§2119(1) and (2). <u>Id.</u> at 5. Count Six charged him with knowingly using, carrying and brandishing a firearm during and in relation to the crime of violence charged in Count Five in violation of 18 U.S.C. §§924(c)(1)(A)(ii) and 2. <u>Id.</u> at 6.

2.    *Plea agreement*

On April 12, 2018, the petitioner (represented by Attorney Thomas Erickson) signed a plea agreement. Dkt. No. 40 at 13. The plea agreement was filed on April 19, 2018. The agreement stated that in addition to the indictment, a one-count information charged the petitioner with another count of carjacking in violation of 18 U.S.C. §§2119(1) and (2). <u>Id.</u> at ¶3; <u>see also</u> Dkt. No. 38. The agreement stated that the petitioner was pleading to Counts One, Two and Three of the indictment and to the one-count information. <u>Id.</u> at ¶5. It stated that the petitioner had read and fully understood the charges in both the indictment and the information, "the nature and elements of the crimes with which he ha[d] been charged" and that his attorney had fully explained

2

"the terms and conditions of the plea agreement." Id. at ¶4. In the agreement, the petitioner acknowledged, understood and agreed that he was guilty of the offenses in Counts One, Two and Three of the indictment and in the information. Id. at ¶6. He admitted that facts attached to the plea agreement established his guilt beyond a reasonable doubt and were true and correct. Id. The agreement stated that the petitioner understood and agreed that the maximum term of imprisonment for the offenses in Counts One, Three and the information was fifteen years in prison, a $250,000 fine and five years of supervised release; he understood and agreed that Count Two carried a "[m]andatory minimum of seven years and up to life in prison" consecutive to any other sentence, a maximum of five years of supervised release and a $250,000 fine. Id. at ¶7. The petitioner acknowledged, understood and agreed that he had discussed "the relevant statutes as well as the applicable sentencing guidelines with his attorney." Id. at ¶8.

The agreement also laid out the elements of the charges. Id. at ¶¶10-11. It said that the parties understood and agreed that in order to sustain the carjacking charges in Counts One and Three and the information, the government must prove beyond a reasonable doubt that (1) the petitioner "intentionally attempted to take or took a vehicle from a person," (2) the petitioner "did so by means of force and violence, or by intimidation," (3) "the motor vehicle had been transported, shipped or received in interstate or foreign commerce," and (4) the petitioner "intended to cause death or serious bodily injury in order to complete the taking of the vehicle." Id. at ¶10. The parties

3

confirmed that they understood and agreed that in order to sustain the charge of using, carrying and brandishing a firearm during a crime of violence in Count Two, the government must prove that (1) the petitioner committed the carjacking alleged in Count One and (2) the petitioner "knowingly used and brandished a firearm during that crime." Id. at ¶11.

The petitioner acknowledged and agreed "that his attorney . . . discussed the applicable sentencing guidelines provisions with [the petitioner] to [the petitioner's] satisfaction." Id. at ¶14. He acknowledged and understood "that the sentencing guidelines recommendations contained in this agreement [did] not create any right to be sentenced within any particular sentence range, and that the court [might] impose a reasonable sentence above or below the guidelines range." Id. at ¶16. The parties acknowledged, understood and agreed that the sentencing court could "consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct [was] not the subject of the offense to which [the petitioner] [was] pleading guilty." Id. at ¶17. "The parties agree[d] to recommend to the sentencing court that the applicable base offense level for the offense charged in Counts One, Three and the information" was 20. Id. at ¶18. "The parties agree[d] to recommend to the sentencing court that a 2-level increase for carjacking" was applicable to Counts One, Three and the information. Id. at ¶19. They agreed that the government would recommend a 5-level increase for the offenses in Count Three and the information because they involved a brandished firearm. Id. at ¶20. The government agreed to recommend a 2-level decrease for the petitioner's

4

acceptance of responsibility, and an additional 2-level decrease for the timeliness of that acceptance. Id. at ¶22. The agreement reflected that "[t]he sentencing court [would] make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties" set forth in the agreement. Id. at ¶26. The petitioner acknowledged, understood and agreed that under the terms of the agreement, he could not "move to withdraw the guilty plea solely as a result of the sentence imposed by the court." Id. at ¶27.

The plea agreement specified that if the petitioner violated any term of the agreement at any time, the agreement would "become null and void at the discretion of the government." Id. at ¶41. If the agreement "[was] revoked or if [the petitioner's] conviction ultimately [was] overturned, then the government retain[ed] the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of [the] agreement." Id. Finally, the petitioner acknowledged, understood and agreed that he would "plead guilty freely and voluntarily because he [was] in fact guilty," and that "no threats, promises, representations, or other inducements ha[d] been made, nor agreements reached, other than those set forth in [the] agreement, to induce [the petitioner] to plead guilty." Id. at ¶42.

3. *Change-of-plea hearing*

On May 21, 2018, the court held a change-of-plea hearing. Dkt. No. 41. The petitioner appeared in person with Attorney Erickson. Id. at 1. The court's minutes reflect that the court placed the petitioner under oath, reviewed the

plea agreement with him, questioned him, "recounted that Counts One and Three of the indictment, and the count in the information, each carried a maximum prison term of fifteen years, a maximum fine of $250,000, and a maximum of five years of supervised release," recounted that "Count Two carried a mandatory minimum prison term of seven years and a maximum of life, to run consecutively to any other sentence" and mentioned that each charge carried a "mandatory special assessment of $100," for a total assessment of $400. Id. "[T]he court found that [the petitioner] understood his trial rights, the penalties associated with the charge[s], the possible civil ramifications of a conviction, and the uncertainty of his ultimate sentence." Id. "The court also found that [the petitioner] entered the plea knowingly and voluntarily, without threats or promises." Id. at 2. The court accepted the petitioner's plea and found him guilty of the offenses charged in the indictment and information. Id.

### 4.    *Sentencing hearing*

On September 27, 2018, the court conducted the sentencing hearing. Dkt. No. 46. The petitioner appeared in person with Attorney Erickson. Id. at 1. Attorney Erickson confirmed that he and the petitioner had reviewed the presentence investigation report, the petitioner's sentencing memorandum and letters in support of the petitioner. Id. The court explained that the sentencing guidelines in the presentence report were advisory, but that the law required the court to begin its sentencing analysis with those advisory guidelines and consider their application to the factors in 18 U.S.C. §3553. Id. After

6

determining the adjusted offense level (27) and calculating the defendant's criminal history category (II), the court determined that the advisory sentencing range—including the consecutive mandatory minimum sentence—was 154 to 171 months. Id. at 1-2. Neither party objected to the court's calculations, and each gave their respective sentencing recommendations: the government recommended that the court impose a sentence of 120 months, while the petitioner argued for a sentence of seven years and one day. Id. at 2. The court concluded that a sentence of 108 months of incarceration (nine years) with credit for time served, followed by five years of supervised release, was sufficient but not more than necessary to address the §3553 factors. Id. The court ordered the petitioner to pay a special assessment of $400, agreed to recommend that the Bureau of Prisons place the petitioner in a facility as close as possible to the Eastern District of Wisconsin and dismissed the remaining counts of the indictment against the petitioner. Id.

The court entered judgment the next day. Dkt. No. 47. The judgment reflected the sentence: twenty-four months on each of Counts One and Three of the indictment and Count One of the information (the carjacking counts) to run concurrently with each other, and eighty-four months on Count Two of the indictment (the §924(c) count) to run consecutively to the twenty-four-month sentence imposed on the other counts, for a total sentence of 108 months. Id. at 1-2. The court entered an amended judgment on November 19, 2018, adding restitution of $6,339.80. Dkt. No. 52. The court entered a second amended judgment on February 7, 2019, adding restitution of $4,806.26. Dkt. No. 56.

7

The defendant did not appeal.

B.     Petitioner's Motion for Ineffective Counsel and Reiteration of Plea (Dkt. No. 57)

On December 27, 2019, over a year after the sentencing hearing, the petitioner, representing himself, filed a "Motion for Ineffective Counsel and Reiteration of Plea." Jordan, Case No. 17-cr-86, Dkt. No. 57. The petitioner asserted that he was innocent of the §924(c) charge because he did not physically possess a firearm, that he did not enter his plea knowingly, voluntarily and intelligently and that the court should allow him to withdraw his plea and "show [his] innocence." Id. at 1. On January 3, 2020, the court construed the petitioner's motion as a motion to vacate, set aside or correct the sentence under 28 U.S.C. §2255 and ordered the clerk's office to open a civil case treating the motion as a *habeas* motion under §2255. Dkt. No. 58 at 10. The court concluded, however, that once the clerk's office opened that civil case, the court must dismiss the §2255 petition because the petitioner was not entitled to relief. Id.

The court explained that the deadlines had passed for the petitioner to file a motion to withdraw his plea under Fed. R. Crim. P. 11(d)(2), to request a new trial under Fed. R. Crim. P. 33(a) and to ask the court to correct a sentence that resulted from arithmetical, technical, or other clear error under Fed. R. Crim. P. 35(a), as well as to file a direct appeal under Fed. R. App. P. 4(b)(1). Id. at 4-5. The court observed that the petitioner had filed the motion that court had construed as a §2255 motion over two months after the one-year anniversary of the date the petitioner's conviction became final. Id. at 5-6.

8

Observing that it had amended its judgment twice, the court conceded the possibility that those amendments tolled the limitations period. Id. at 6. In an abundance of caution, the court required the clerk's office to open a civil case for the §2255 petition, but concluded that it could not grant the motion because (1) the petitioner did not timely appeal his conviction or sentence, id. at 6-7; (2) even if the petitioner could show a compelling reason for failing to appeal, he could not show actual prejudice, id. at 7-8; (3) the petitioner's claim that he was innocent of the §924(c) charge was unreasonable under the record, id. at 8-9, and (4) even if the petitioner did not personally possess a gun, that would not invalidate the §924(c) charge, id. at 9. Concluding that the petitioner had not appealed his conviction and could not show actual prejudice for his failure to appeal, the court denied the §2255 motion. Id.

C.    Petitioner's "Motion for Reduction in Sentence, Pursuant 18 U.S.C. 3582(c)(1) and the First Step Act" (Dkt. No. 59)

On June 22, 2020, the petitioner (again representing himself) filed a "Motion for Reduction in Sentence, Pursuant 18 U.S.C. 3582(c)(1) and the First Step Act." Jordan, Case No. 17-cr-86, Dkt. No. 59. The motion stated that "the residual clause has been ruled unconstitutionally vague," id. at 4 (citing Johnson v. United States, 576 U.S. 591 (2015); Dimaya v. Lynch, 803 F.3d 1110, 1118-20 (9th Cir. 2015)), and that "with retroactive application of the First Step act the stacking additionally has been ruled unconstitutional and contrary to statutorical language of the 18 U.S.C. §924(c)(1)(A)," id. The petitioner contended that "the 18 U.S.C. 924(c)(1)(A)(ii) of the instant offense does not constitute a violent offense as in Davis v. United States __ sct. __ us__

9

(2019) (the Supreme Court invalidated the residual clause)." Id. The petitioner argued that the court should not have imposed consecutive sentences. Id.

On November 2, 2020, the court denied the motion. Id. at Dkt. No. 68. Noting that the petitioner sought relief under 18 U.S.C. §3582(c)(1)(A)—the "compassionate release" provision of the First Step Act—the court concluded that the statute did not apply to the petitioner. Id. at 2. The court explained that §3582(c)(1)(A) authorizes a court to reduce a defendant's sentence for "extraordinary and compelling reasons," but concluded that the petitioner had not articulated an extraordinary or compelling reason. Id. at 2. It found the petitioner's other arguments "procedurally improper." Id. at 3. As the court explained in its order denying the motion, the petitioner could have raised his Johnson and Dimaya arguments before his sentencing, but did not; regardless, the court concluded that neither case applied to the petitioner. Id. at 3.

The court also considered the petitioner's argument under "Davis v. United States:"

> The defendant alleges that his §924(c) conviction was invalidated by Davis v. United States. The court assumes the defendant is referring to United States v. Davis, ___ U.S. ___, 139 S. Ct. 2319 (2019). The Supreme Court decided Davis after the defendant was convicted. But the proper way for a federal defendant to raise an argument that was not available to him at the time of his conviction or sentencing is to file a petition to vacate, correct or set aside his sentence under 28 U.S.C. §2255, not to file a motion to reduce sentence.

Id. at 3-4. The court stated that even if the petitioner had properly raised the Davis claim in a §2255 motion, "he was unlikely to have been successful." Id. at 4. As the court explained:

Case 2:20-cv-00935-PP   Filed 10/28/22   Page 10 of 25   Document 2

The Supreme Court's decision in <u>Davis</u> does not apply to the petitioner. Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of' any federal 'crime of violence or drug trafficking crime.'" <u>Davis</u>, 139 S. Ct. at 2324. The statute defines "crime of violence" in "two subparts—the first known as the elements clause, and the second [known as] the residual clause." Id. Section 924(c)(3)(A) is the "elements" clause; it defines a "crime of violence" as an "offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B) is the "residual" clause; it defines a crime of violence" as a felony "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the court of committing an offense."

In <u>Davis</u>, the Supreme Court held that the "residual" clause—§924(c)(3)(B)—was unconstitutionally vague, because it required a judge to imagine the "ordinary" circumstances of whatever the underlying crime may have been and then "guess" whether that rime would, "by its nature," involve a substantial risk that physical force against the person or property of another might be used in the course of committing it. See <u>Davis</u>, 139 S. Ct. at 2325-26.

The petitioner argues that post-<u>Davis</u>, carjacking no longer qualifies as a "crime of violence" under §924(c). Dkt. No. 2 at 9. The petitioner would be correct only if carjacking does not qualify as a crime of violence under the "elements" or "force" clause, "the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. §924(c)(3)(A).

<u>Id.</u> at 4-5.

Acknowledging that the Seventh Circuit had not yet ruled on whether carjacking constituted a crime of violence under §924(c)(3)(A), the court observed that several other federal appellate courts had done so. <u>Id.</u> at 5 (collecting cases). This court agreed with those other appellate courts. <u>Id.</u> at 6. Recounting that (a) the petitioner pled guilty to violating 18 U.S.C. §§2119(1) and (2), (b) the petitioner's plea agreement listed the elements of that offense and (c) the elements of that offense satisfied the elements clause of

11

§924(c)(3)(A), the court concluded that the petitioner's conviction for carjacking constituted a predicate offense for his conviction under §924(c). <u>Id.</u> at 6-8. The court rejected the petitioner's argument that the court improperly stacked §924(c) penalties under the First Step Act, explaining that the petitioner had pled guilty to and received a sentence for only one §924(c) charge. <u>Id.</u> at 8-9.

D. <u>Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255 (Dkt. No. 1)</u>

On June 22, 2020—the same day the petitioner filed his "Motion for Reduction in Sentence, Pursuant 18 U.S.C. 3582(c)(1) and the First Step Act"— the petitioner filed a handwritten "Motion to Vacate or Correct Sentence Pursuant to 28 U.S.C. Section 2255(f)(3) and the Retroactivity of Davis." Dkt. No. 61; <u>Jordan v. United States</u>, Case No. 20-cv-935-PP (E.D. Wis.), Dkt. No. 1. The petitioner argues "that in light of <u>DAVIS</u>, his 924(c) charge should be vacated because the residual clause of 924(c)(3)(B) is unconstitutionally vague." <u>Id.</u> at 2 (citing <u>Davis</u>, 139 S. Ct. at 2336). He states that carjacking "is not a 'crime of violence' in Section 924(c)(3)(A)." <u>Id.</u> He asserts that he is "actually innocent of his 924(c) charge because . . . that charge is predicated on car-jacking charges, an offense that is not a 'crime of violence' under the alternative definition in the elements clause, Section 924(c)(3)(A)." <u>Id.</u>

## II. Analysis

A. <u>Standard</u>

When a petitioner files a §2255 petition, the court first must review—or "screen"—the motion. Rule 4 of the Rules Governing Section 2255 Proceedings provides that

[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A petitioner seeking relief under §2255 must allege either that the sentence violated the Constitution or laws of the United States, that the court was without jurisdiction, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255(a). At the screening stage, the court considers whether the petitioner has raised claims that can be adjudicated in a §2255 proceeding, whether the petitioner has exhausted his claims and whether he filed the motion within the limitations period.

But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") identifies certain petitions that the court need not screen. AEDPA says that a federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court already has determined the legality of that detention in a prior application for writ of *habeas corpus*. 28 U.S.C. §2244(a). To enforce this provision, AEDPA requires petitioners who wish to file a "second or successive" federal *habeas* petition to first obtain authorization from the federal court of appeals before filing the petition in the district court. 28 U.S.C. §2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the

13

government, unless the court of appeals has given approval for the filing.'" In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

As the Seventh Circuit has explained, not every petition that a petitioner previously filed constitutes a prior application for the purposes of §2244(b). Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003). The Seventh Circuit does not count "previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling." Id. Such petitions include those "dismissed because the petitioner filed in the wrong district," id. (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)), those in which the petitioner failed to pay the filing fee, id. (citing Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996)), and those dismissed as premature, id. (citing Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)). But prior petitions dismissed as untimely "or that have been denied based on a procedural default . . . do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." Id. (citing In re Cook, 215 F.3d 606, 608 (6th Cir. 2000)).

The petitioner argues that "this is technically his first and initial 2255." Dkt. No. 1 at 3, ¶5. Citing "CASTRO," he contends that "[t]his Honorable Court violated the petitioner's writing by construing them as a 2255 without affording the petitioner the opportunity to withdraw his filing." Id. The petitioner likely is referring to Castro v. United States, 540 U.S. 375 (2003). In Castro, the Supreme Court held that a district court could not recharacterize a self-

represented litigant's motion as his first §2255 motion "*unless* the court inform[ed] the litigant of its intent to recharacterize, warn[ed] the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provide[d] the litigant with an opportunity to withdraw, or to amend, the filing." <u>Castro</u>, 540 U.S. at 377 (emphasis in original). The Supreme Court held that if the district court did not take these steps, "a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision."

The petitioner is correct that when the court recharacterized his December 27, 2019 "Motion for Ineffective Counsel and Reiteration of Plea" as a motion under 28 U.S.C. §2255, it did not provide the warnings that <u>Castro</u> requires. The court will not consider the December 27, 2019 motion for the purposes of the "second or successive" provision of §2255.

 B. <u>United States v. Davis</u>

The petitioner contends that the court must vacate or set aside his sentence in light of <u>Davis</u>, 139 S. Ct. 2319 (2019), "because the residual clause of 924(c)(3)(B) is unconstitutionally vague." Dkt. No. 1 at 2, ¶3. He asserts that the carjacking charges, "which the 924(c) charge was solely predicated on is not a 'crime of violence' in section 924(c)(3)(A)." <u>Id.</u> He asserts that it follows that he is actually innocent of the §924(c) charge. <u>Id.</u> The court must dismiss the petition.

### 1.  *Timeliness*

28 U.S.C. §2255 imposes a one-year limitation period for filing motions to vacate, set aside or correct federal sentences. The one-year period begins on the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

The petitioner filed his §2255 motion on June 22, 2020. Dkt. No. 1. The court entered the original judgment on September 28, 2018, an amended judgment on November 19, 2018 and a second amended judgment on February 7, 2019. There is no question that the petitioner did not file his §2255 petition within one year of the date the original judgment became final; that September 28, 2018 judgment became final on October 12, 2018, so the petitioner would have had to file his §2255 motion by October 12, 2019 to be timely. The petitioner filed the §2255 motion over eight months after that date. There is no question that the petitioner did not file his §2255 motion within a year of the date the *amended* judgment became final; the November 19, 2018 amended

16

judgment became final on December 3, 2018, so the petitioner would have had to file his §2255 petition by December 3, 2019 to be timely. The petitioner filed the motion over six months after that date. That leaves the second amended judgment, entered on February 7, 2019. That judgment became final on February 21, 2019, which meant that the petitioner would have had to file his §2255 motion by February 21, 2020 to be timely. The petitioner filed the motion some four months after that date. The petitioner did not file his §2255 motion within one year of his judgment becoming final, so the petition is not timely under §2255(f)(1).

The petitioner argues, however, that his motion is timely under §2255(f)(3), which provides that the one-year limitation period begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The petitioner says that "the deadline for filing for retroactive relief pursuant to DAVIS is June 23rd, 2020;" he argues that because he is representing himself, his motion was deemed filed as of the date he delivered it to prison officials for mailing. Dkt. No. 1 at 3, ¶4 (citing Houston v. Lack, 487 U.S. 266 (1988)).

The United States Supreme Court decided Davis, __ U.S. __, 139 S. Ct. 2319 on June 24, 2019. At least one district court in the Seventh Circuit has concluded that Davis recognized a new right that applies retroactively on collateral review, Carter v. United States, No. 16-cv-02184, 2019 WL 4126074, at *5 (C.D. Ill. Aug. 29, 2019), as has the Eleventh Circuit Court of Appeals, In

17

re Hammoud, 931 F.3d 1032, 1037-1039 (11th Cir. 2019). The court will assume for the purposes of this decision only that Davis did recognize a new right and that it applies retroactively on collateral review. That means that the petitioner timely raised his claim, because he raised it within a year of the date the Supreme Court decided Davis.

### 2. *Procedural Default*

Even if a petitioner's claim is timely, it also must be cognizable. For a claim to be cognizable under §2255, the petitioner must have raised the claim on direct appeal; "[a]ny claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." Delatorre v. United States, 847 F.3d 837, 843 (7th Cir. 2017) (citing Hale v. United States, 710 F.3d 711, 713-14 (7th Cir. 2013)). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice." Delatorre, 847 F.3d at 843 (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

The petitioner argues that his sentence and conviction violate Davis. Dkt. No. 1 at 2. The petitioner raises this claim for the first time in the §2255 motion.

> A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir.2009). Likewise, a § 2255 appellant cannot raise for the first time on appeal a claim not presented to the district court in the § 2255 proceedings below. *Pierce v. United States*, 976 F.2d 369, 371 (7th Cir.1992). A federal prisoner cannot bring defaulted claims on collateral attack unless

18

> he shows both cause and prejudice for the default. *Hale v. United States*, 710 F.3d 711, 713 (7th Cir.2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir.2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the crimes of which he was convicted. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir.2008).

McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016).

Normally, the doctrine of procedural default would bar this claim because the petitioner did not raise it before this court or before the Seventh Circuit on appeal (in fact, he did not appeal at all). But the petitioner may overcome procedural default if he can show that he had cause for his failure to raise the issue earlier and that he has suffered actual prejudice. Cross v. United States, 892 F.3d 288, 294 (7th Cir. 2018) (citing Bousley, 523 U.S. at 622). The petitioner easily can show cause for his failure to raise the Davis argument before the trial court. "A change in the law may constitute cause for procedural default if it creates 'a claim that is "so novel that its legal basis is not reasonably available to [trial or appellate] counsel."'" Id. (citing Bousley, 523 U.S. at 622). The Supreme Court decided Davis on June 24, 2019—thirteen months after the court accepted the petitioner's guilty plea and nine months after the court imposed sentence. The Davis decision was not reasonably available to the petitioner prior to sentencing; he has stated cause for his default.

But the petitioner cannot show prejudice. Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of' any federal 'crime of

violence or drug trafficking crime.'" <u>Davis</u>, 139 S. Ct. at 2324. The statute defines a "crime of violence" in "two subparts—the first known as the elements clause, and the second [known as] the residual clause." <u>Id.</u> Section 924(c)(3)(A) is the "elements" clause; it defines a "crime of violence" as "an offense that is a felony" and "has as an element the use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B) is the "residual" clause, and defines a "crime of violence" as "an offense that is a felony" and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In <u>Davis</u> the Supreme Court held that the "residual" clause—§924(c)(3)(B)—was unconstitutionally vague, because it required a judge to imagine the "ordinary" circumstances of whatever the underlying crime may have been and then "guess" whether that crime would, "by its nature," involve a substantial risk that physical force against the person or property of another might be used in the course of committing it. See <u>Davis</u>, 139 S. Ct. at 2325-26. The petitioner was not charged with, did not plead guilty to and was not sentenced under the residual clause of §924(c)(3)(B). The decision in <u>Davis</u> does not apply to him.

The petitioner argues, however, that carjacking is not a crime of violence under §924(c)(3)(A)—the elements clause. Dkt. No. 1 at 2. The Seventh Circuit has not yet ruled on whether carjacking qualifies as a "crime of violence" under the elements clause, §924(c)(3)(A). Several other federal appellate courts,

however, have held that carjacking is a crime of violence under the elements/force clause. See United States v. Jackson, 918 F.3d 467, 486 (6th Cir. 2019) ("carjacking constitutes a crime of violence under § 924(c)'s elements clause"); Estell v. United States, 924 F.3d 1291, 1293 (8th Cir. 2019) ("We therefore conclude that Estell's underlying offenses of bank robbery and carjacking qualify as crimes of violence under § 924(c)(3)(A)."); United States v. Cruz-Rivera, 904 F.3d 63, 66 (1st Cir. 2018); United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017) (per curiam) ("the federal offense of carjacking is categorically a crime of violence under § 924(c)"); United States v. Evans, 848 F.3d 242, 247-48 (4th Cir. 2017) ("[C]arjacking resulting in bodily injury in violation of Section 2119(2), is categorically a crime of violence under the force clause of Section 924(c)(3) . . . .").

Several circuits have reached that conclusion post-Davis. See, *e.g.*, United States v. Lowe, No. 20-1311, 2020 WL 4582606, at *1 (3d Cir. July 9, 2020) (". . . jurists of reason could not debate the District Court's conclusion that carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)."); United States v. Runyon, 994 F.3d 192 (4th Cir. 2021) (". . . a conviction under § 2119 is categorically a conviction for a crime of violence . . . Runyon's carjacking offense qualifies as a crime of violence that can support a conviction under § 924(c)(1)"); In re Fields, 831 F. App'x 710, 711 (5th Cir. 2020) ("Carjacking remains a crime of violence post-*Davis*, as it 'has as an element the use, attempted use, or threatened use of physical force.'") (quoting 18

U.S.C. §924(c)(3)(A)); <u>Alvarez v. United States</u>, No. 20-3597, 2020 WL 7232200, at *2 (6th Cir. Nov. 23, 2020) ("reasonable jurists could not debate the district court's ruling that the predicate offense for Alvarez's § 924(c) conviction constitutes a crime of violence under § 924(c)(3)(A), making *Davis* inapplicable."); <u>United States v. Nelson</u>, 801 F. App'x 652, 661 (10th Cir. 2020) (recognizing circuit precedent holding that carjacking is categorically a crime of violence under §924(c)(3)(A)); <u>United States v. Rodriguez</u>, 799 F. App'x 796, 798 (11th Cir. 2020); <u>Martinez v. United States</u>, No. 20-10598, 2021 WL 1561593, at *3 (11th Cir. Apr. 21, 2021) ("The jury found beyond a reasonable doubt that Martinez committed the carjacking, which is a qualifying predicate under § 924(c)'s still-valid elements clause.");

This court agrees with the courts that have reached the conclusion that carjacking constitutes a crime of violence under the elements clause of §924(c)(3)(A). The petitioner pled guilty to violating 18 U.S.C. §2119(1). That statute states that

> [w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so . . .

is subject to imprisonment. 18 U.S.C. §2119. The plea agreement listed the elements of the offense of carjacking:

> <u>First</u>, the defendant intentionally attempted to take or took a vehicle from a person;

> <u>Second</u>, the defendant did so by means of force and violence, or by intimidation;

> Third, the motor vehicle had been transported, shipped or received in interstate or foreign commerce; and
>
> Fourth, the defendant intended to cause death or serious bodily injury in order to complete the taking of the vehicle.

Jordan, Case No. 17-cr-86-pp, Dkt. No. 40 at 4.

The first option under the second element—taking a vehicle by "means of force and violence"—satisfies the §924(c)(3)(A) requirement that the crime have "as an element the use, attempted use, or threatened use of physical force against the property or person of another." The Seventh Circuit has held that the second option—taking a vehicle "by intimidation"—also satisfies that requirement (although in the context of bank robbery in violation of 18 U.S.C. §2113). See United States v. Armour, 840 F.3d 904, 908 (7th Cir. 2016).

In Armour, the Seventh Circuit held that the defendant's bank robbery conviction satisfied the elements clause of a "crime of violence" under 18 U.S.C. §924(c)(3)(A). Id. The defendant had argued that because "a person can commit robbery by 'intimidation,' as distinct from 'by force or violence,'" "robbery by 'intimidation' does not qualify as a crime of violence." Armour, 840 F.3d at 908. The Armour court rejected that argument, holding that "'[i]ntimidation means the threat of force.'" Id. at 909 (quoting United States v. Jones, 932 F.2d 624, 625 (7th Cir. 1991)). Armour surveyed Seventh Circuit cases that had found that "[i]ntimidation exists 'when a bank robber's words and actions would cause an ordinary person to feel threatened, by giving rise to a reasonable fear that resistance or defiance will be met with force.'" Id. (citing United States v. Gordon, 642 F.3d 596, 598 (7th Cir. 2011); United States v. Thornton, 539

23

F.3d 741, 748 (7th Cir. 2008); <u>United States v. Burnley</u>, 533 F.3d 901, 903 (7th Cir. 2008); and <u>United States v. Clark</u>, 227 F.3d 771, 775 (7th Cir. 2000)).

Carjacking is no different. A carjacker's words or actions would cause an ordinary person to feel threatened by giving rise to a reasonable fear that her resistance will be met with force. Because "intimidation" inherently threatens of the use of physical force, the carjacking statute qualifies as a crime of violence under the elements clause of §924(c). The Supreme Court's decision in <u>Davis</u> did not impact the "elements" clause of §924(c)(3)(A), and the carjacking statute, 18 U.S.C. §2119, constitutes a crime of violence under the "elements" clause. Therefore, the petitioners' carjacking conviction is a predicate offense for his conviction under 18 U.S.C. §924(c). The court will deny the §2255 motion.

### III.    Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the §2255 motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (internal quotations omitted). The court declines to issue a certificate of

24

appealability, because reasonable jurists could not debate that the petitioner's motion to vacate, set aside or correct his sentence plainly does not entitle him to relief under 28 U.S.C. §2255(a).

## IV.    Conclusion

The court **DENIES** the petitioner's motion to vacate, set aside or correct the sentence under 28 U.S.C. §2255. Dkt. No. 1.

The court **DECLINES** to issue a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED** with prejudice. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of October, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

25